FILED
SUPERIOR COURT
OF GUAM

2013 AUG 27 PM 4: 07

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,            )    CRIMINAL CASE NO. CM0120-13

                      )

       vs.                  )

                      )    **DECISION AND ORDER**

FREDDY ELICHMWAI,       )       (Motion to Dismiss)

                      )

         Defendant.      )

                      )

_____ )

## INTRODUCTION

This matter comes before the Honorable Judge Michael J. Bordallo on Defendant's Motion to Dismiss Charges One and Two. Defendant Freddy Elichmwai ("Defendant") is represented by Assistant Public Defender Richard Dirkx. The People of Guam ("The People") are represented by Assistant Attorney General Teri C. Tenorio. Having reviewed the memorandum and papers presented, the Court now issues the following decision DENYING Defendant's Motion to Dismiss.

## BACKGROUND

On January 20, 2013, a Complaint was filed charging Defendant with one count of Family Violence (As a Misdemeanor), one count of Assault (As a Misdemeanor), and one count of Criminal Mischief (As a Misdemeanor). As with all crimes, Defendant was charged based upon the facts presented in a police report submitted to the Attorney General's Office following Defendant's arrest. The Complaint arises out of an alleged altercation between Defendant and Taitony Erwin ("Victim"), who appears to be his girlfriend's father. The Declaration contains the following facts:

> On or about January 20, 2013, police responded to a disturbance at an apartment building in Piti. Upon arriving, police spoke to Deresa Erwin. Deresa Erwin stated that Defendant, her son-in-law, had been drinking intoxicating beverages

with his girlfriend when an argument began. Defendant then punched an interior door. Deresa Erwin's husband, the Victim in this case, told Defendant to leave. Defendant then charged at Victim, but another person in the house was able to push Defendant out of the house. Defendant then asked the other males in the house to fight.

Declaration of Assistant Attorney General Nicholas B. Barrett ("Declaration") at 1.

Defendant filed Motion to Dismiss Charges One and Two ("Motion to Dismiss") on March 14, 2013. The People filed People's Response in Opposition to Defendant's Motion to Dismiss Charges One and Two ("Opposition") on March 26, 2013. On April 9, 2013, Defendant filed his Reply.

## DISCUSSION

Defendant contends dismissal of the First and Second Charges are necessary, because the Declaration in this case does not show injury or attempted injury, or even physical contact.

Guam law requires that The People prosecute a case by filing a Complaint to establish probable cause. See 8 GCA § 15.10, § 15.20, and § 45.20; *See also People v. Palomo*, 1998 Guam 12 ¶ 14. Title 8 GCA § 15.10 provides:

**§ 15.10. Complaint Defined.**

The complaint is a written statement of the essential facts constituting the offense charged. It shall be signed by the prosecuting attorney and filed with a judge of the Superior Court. In any case required by § 1.15 to be prosecuted by Complaint, the Complaint shall be subject to the same rules of pleading as an indictment for information.

8 GCA § 15.10 (2013). Title 8 GCA § 15.20 provides in relevant part:

**§ 15.20. Issuance of Summons or Warrant on Complaint.**

(a)   If it appears from the complaint and the affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge shall issue a summons for the appearance of the defendant.

8 GCA § 15.20(a) (2013). Title 8 GCA § 45.20 provides in pertinent part:

*People v. Elichmwai*
Decision and Order (Motion to Dismiss)
Criminal Case No. CM0120-13

## § 45.20. Complaint to be Filed; When.

(a)     Where a person is arrested without a warrant, at or before the time he is brought before the court pursuant to § 45.10, the prosecuting attorney shall file a complaint which satisfies the requirements of § 15.10 and affidavits showing probable cause to believe that an offense has been committed and that the defendant has committed it.

8 GCA § 45.20(a) (2013).  According to 9 GCA § 30.20(a), "[a]ny person who intentionally, knowingly, or recklessly commits an act of family violence, as defined in § 30.10 of this Chapter, is guilty of a misdemeanor, or of a third degree felony." 9 GCA 30.20(a).  Title 9 GCA § 30.10(a) contains the definition of Family Violence and provides:

As used in this Chapter:

(a)     Family violence means the occurrence of one (1) or more of the following acts by a family or household member, but does not include acts of self-defense or defense of others:

> (1) Attempting to cause or causing bodily injury to another family or household member;

> (2) Placing a family or household member in fear of bodily injury.

9 GCA § 30.10(a).  Title 9 GCA § 19.30(a) contains the definition of Assault and provides:

## § 19.30. Assault; Defined & Punished.

(a)     A person is guilty of assault if he:

> (1)  either recklessly causes or attempts to cause bodily injury to another;

> (2)  recklessly uses a deadly weapon in such a manner as to place another in danger of bodily injury; or

> (3)  by physical menace intentionally puts or attempts to put another in fear of imminent bodily injury.

*People v. Elichmwai*
Decision and Order (Motion to Dismiss)
Criminal Case No. CM0120-13

9 GCA § 19.30(a).

Charges One and Two are that of Family Violence and Assault. In both Charges, Defendant is accused of recklessly causing or attempting to cause bodily injury to Victim. Defendant argues there are no facts showing injury or attempted injury, or even physical contact. The Court, however, agrees with The People and finds sufficient probable cause to Charge Defendant. The Declaration states Defendant charged at Victim, but another person in the house was able to prevent Defendant from completing this act by pushing him out of the house. Upon this Court's review of the Declaration, the Court finds there is probable cause to Charge Defendant for attempting to cause bodily injury to Victim. The act of charging, as alleged, can be found to be an almost substantial step towards committing bodily injury. Thus, Defendant is found to have committed an attempt to cause bodily injury.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Dismiss as to Charges One and Two. Further Proceedings are set for _Sept. 4, 2013_ . _9:00a_

**SO ORDERED**, this _27th_ day of August, 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

AUG 2 7 2013

Page 4 of 4

*People v. Elichmwai*
Decision and Order (Motion to Dismiss)
Criminal Case No. CM0120-13